# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60716
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2014

Lyle W. Cayce
Clerk

JESUS BIENVENIDO ALMONTE-VASQUEZ, also known as Jose Armonte, also known as Jesos Almonte, also known as Jose Almonte,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A030 977 618

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Bienvenido Almonte-Vasquez, proceeding *pro se* and *in forma pauperis*, petitions for review of the Board of Immigration Appeals' (BIA) affirming an order of removal by an immigration judge and dismissing Almonte's appeal. Almonte, who entered the United States in July 1973 as a lawful permanent resident, was ordered removed based on his conviction of an

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

aggravated felony: conspiracy to possess, with intent to distribute, cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a) and 846. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). The BIA also rejected Almonte's contention that the Government should be equitably estopped from deporting him because the former Immigration and Naturalization Service (INS) violated his due process rights by mishandling and, later, terminating his 1981 application for naturalization.

Almonte does not challenge the BIA's determination that his drug conspiracy conviction is an aggravated felony. Because he is removable on that basis, we have jurisdiction only to review constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

Almonte contends the INS committed affirmative misconduct by failing to notify him of the time, date, and place to appear in connection with his naturalization application. He further contends the INS failed to comply with regulations governing the processing of applications for naturalization, primarily by taking several years to process his application. Finally, he asserts the INS improperly terminated his application.

On petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law *de novo*. *E.g.*, *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Whether the Government should be estopped from bringing a removal proceeding constitutes a question of law, reviewed *de novo*. *See Andrade v. Gonzales*, 459 F.3d 538, 542 (5th Cir. 2006).

"Courts have been exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011). The remedy of equitable estoppel, if it is available, requires a showing of, *inter alia*, affirmative misconduct on the part of the Government.

*Id.* "Affirmative misconduct requires an affirmative misrepresentation or affirmative concealment of a material fact by the government." *Id.* at 229–30 (quoting *Linkous v. United States*, 142 F.3d 271, 278 (5th Cir. 1998)).

Almonte's contentions, at most, amount to allegations of delay, inaction, and negligence on the part of the INS in handling his application for naturalization. Such action or inaction, however, does not constitute the requisite affirmative misconduct. *See id.* at 229.

DENIED.